Rannev, J.
The whole controversy in this case depends upon the construction to be put upon the will of Daniel Doty, late of Butler county, deceased. The complainant, Serepta, is admitted to be one of his children and heirs at law, and by this bill she claims partition of certain real estate of which he died seized, as well as her distributive share of his personal estate. This claim is resisted by the defendants upon the ground that she is expressly excluded from any such right by the will of said Doty. This will was executed on the 6th of May, 1848, and has been duly proved and admitted to record. Without noticing its provisions in detail, it is sufficient to say that it gives specific bequests to his wife, and to most if not all of his children, and also a grandson, the son of Serepta by a former husband. It also charges his estate with the payment of an annuity of $50 to the widow, and the payment of the just debts of his son James, then deceased, and the support of his minor children until they arrive at an age to support themselves.
The will contains no residuary clause, and it now appears that, after the payment of debts, and the satisfaction of the specific bequests, there remains real and personal property valued at over twenty thousand dollars, not expressly disposed of by the will. This property is sought to be reached *by this bill. The bequest to Serepta is in these words: “I will to my daughter, Serepta, who has had $854 already, for which I hold her note, and it is my will that she shall have $200 more, and her note for that •she has already had, and no more of my estate.” We have no doubt that the testator, by this last clause, intended to exclude her from any further right to any portion of his property. Whether we can give effect to this intention, consistently with the rules of law, is quite another question. It is very true that our law has .always allowed, to every person of mature age, absolute dominion over all he may possess, to dispose of it by last will and testament, saving the rights of the widow and creditors, if any; and it is equally true that where such disposition is made, the will will be ■construed with great liberality for the purpose of arriving at the intention of the testator. But it is very clear that even the ex *243 pressed intention of the testator can not be regarded in the absence of such disposition: and this arises from the very nature and office of a will, which is defined to be “ an instrument by which a person makes a disposition of his property to take effect after his decease.” If the owner, therefore, for any reason, fails in his lifetime to designate who shall succeed to it, the law steps in at his death and supplies the omission, and casts it upon the heir at law. That the expressed intention of the testator that his heir should not take, can not be regarded, in the absence of any other disposal of the property, seems to have been early settled in England, as appears from a remark of Lord Mansfield, in Den v. Gaskin, Cow. 657. He says, “though tho intention is ever so apparent, the heir at law must of course inherit, unless the estate is given to somebody else and that such continues to be the settled law there, we need no better evidence than the very recent work of Mr. Jarman on Wills, in which the same rule is unqualifiedly laid down. 1 Jarm. on Wills, 294, 502. Indeed it is admitted by the defendant’s counsel that the decisions in England are all against them upon this point; but they insist that those decisions have their foundation in the disposition of the English courts *to favor the law of primogeniture; and for a still stronger reason, that the exclusion of the heir operates an exclusion of all who could claim the estate only through him, and would therefore leave no one capable of taking during his life. These considerations, they insist, have no application here; and that effect can consistently be given to the words of exclusion in the will of Doty, by allowing the estate to descend to his other children, excluding Serepta, or by raising an estate by implication in their favor to this residuum. In support of this position, they refer us to Doe ex dem., etc. v. Leroy Stowe, 2 Dev. (N. C.) 318; and it must be admitted that this case is in point to sustain them. They also concede that this is the only American case they have been able to find in point upon the subject.
The first inquiry is, Can Serepta be excluded and the other heirs take this property by descent ? It may be that the considerations alluded to have had influence with the English courts; but aside from them, an insurmountable obstacle exists to giving an affirmative answer. The property must be disposed of upon the death of the owner. It may be disposed of by will; but if it is not, the law disposes of it to all the children alike. All dominion of the owner over it ceases with his life. To allow a testator to leave his prop *244 erty undisposed of, and by will to control the course of descent and distribution, would be to allow him to repeal the law of the land. It must go by devise or descent; and in either mode it goes entirely uncontrolled by the other; and it is impossible to conceive of an estate created by a mixture of the two. This being impossible, the next inquiry arises, Can the other children take this property under the will by implication ? The general principle upon this subject is thus stated by Mr. Jarman : “ The heir is not to be disinherited unless by express words, or by necessary implication; and that implication has been defined to be such a strong probability thatan in tention to the contrary can not be supposed.” 1 Jarm. Wills, 465.
*“ Conjecture is not permitted to supply what the testator has failed to indicate ; for, as the law has provided a definite succession in the absence of disposition, it would be unjust to allow the-right of this ascertained object to be superseded by the claim of any one, not pointed out by the testator with equal distinctness.” 1 Jarm. Wills, 315.
Erom a careful examination of all the authorities within our reach bearing upon this question, we are led to the conclusion, thati pi order to raise an estate by implication, the two following circumstances must concur: First, an interest or estate in the property, less than the whole, must be created expressly by the will, in order that it may appear that the testator had the disposition of the property in his mind; second, the person to take by implication must be named or described in connection with the raising of such interest or estate. The familiar example put in the elementary books is a devise of lands by a man to his heir after the death of his wife. Here an evident intention appears.to postpone the heir until the death of his wife, and she will therefore take a life estate 1 by implication. But if the devise were to a stranger, instead of the heir, the same implication would not arise, for it would not sufficiently appear that he did not intend the heir to take the estate in the meantime. Indeed, it is always a question of intention to be derived from the words of the will; but it must appear from the will that the testator has attempted to dispose of the property, and in such disposition has used the name of the person to take by implication, so as to render it at least highly probable that he intended such person to take the interest in the same property that he has not disposed of by words.
Note.—On the second Monday of February, 1853, Judge Oaldwell’s term as Chief Justice having expired, Judge Bartley succeeded him.
We find these requisites entirely wanting in this ease. No attempt to create any interest or estate in this property is found in this will. Not the most distant allusion is anywhere made to it, or to the persons that he desires to take it. Under such circumstances, to infer an intention to dispose of it by devise would be to substitute the blindest conjecture for probability, and, in effect, to make a disposition for the party when he has attempted to make none for himself. *We can find that he intended to exclude his daughter Serepta from further participation in his estate; but we can not find that he ever intended to dispose of this property by will. We have already seen that such intention, uncoupled with .actual disposition, can not be interposed to interrupt or control the regular course of descent and distribution. 1 have not particularly noticed the American authorities. If examined, however, they will be found fully to sustain the conclusions to which we have arrived. 4 Kent Com. 525; Boiseau v. Aldridge, 5 Leigh. 222; Myers v. Myers, 2 McCord Chy. 214; 6 Paige, 600; 2 Wend. 33.
Upon the other question raised as to the right of the executors to hold all the residue until the trusts in favor of the widow and James’ children are complied with, we are not sufficiently informed from the evidence in the case to decide. The will gives them a large discretion in providing for the support of those children, and puts the estate under their control for the purpose. It is very ■clear that abundant means should be left undisturbed in their hands to meet this and the other trusts provided for. If, however, the property beyond all contingency is more than sufficient, we can see no good objection to a present division of such excess. The ultimate decree must be made to depend upon the settlement of these questions.
Let a decree be taken construing the will and remanding the cause to the district court for further proceedings.

Decree accordingly.